**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0253-19T4

BOROUGH OF LINDENWOLD,

 Plaintiff-Respondent,

v.

GRACE MIRANDA,
ARBORWOOD III
CONDOMINIUM ASSOCIATION,
INC., CAMDEN COUNTY
MUNICIPAL UTILITIES
AUTHORITY, NEW JERSEY
AMERICAN WATER CO.,

 Defendants,

and

FREDERIK LABAAR,

 Defendant-Appellant.

_____

   Submitted November 17, 2020 – Decided January 07, 2021

   Before Judges Yannotti and Haas.

   On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0524-19

Frederik Labaar, appellant pro se.

Timothy J. Higgins, attorney for respondent.

PER CURIAM

Defendant Frederik Labaar appeals from an order entered by the Law Division on August 2, 2019, which denied his motion to deny or dismiss the complaint filed by plaintiff Borough of Lindenwold (Borough) to acquire, through the exercise of eminent domain, certain real property within the Borough. We affirm.

We briefly summarize the pertinent facts. On May 10, 2017, the Borough determined there existed an "area in need of redevelopment" in the municipality, which included certain lands owned by defendant Grace Miranda (Miranda), which are designated as C3509 of Lot 7.01 in Block 234 on the Borough's official tax map. By ordinance dated on August 9, 2017, the Borough adopted the "[r]edevelopment [p]lan for the [p]roperty," and decided to "acquire the [p]roperty for redevelopment in accordance with the [plan]."

The Borough then attempted to acquire the property through bona fide negotiations with Miranda, offering to pay $22,000 to acquire the land, based on an appraisal conducted on the property. Miranda rejected the offer. Thereafter, on February 8, 2019, the Borough filed a verified complaint in the

Law Division seeking to acquire the property by exercise of its power of condemnation, pursuant to the New Jersey Constitution and New Jersey statutes, including the Eminent Domain Act, N.J.S.A. 20:3-1 to -50; and the Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-1 to -73.

In addition to Miranda, the verified complaint named as defendants other parties who held liens or other interests in the property, including appellant. The verified complaint stated that appellant was the holder of a tax lien on the property, and that Tax Sale Certificate No. 17-00036 had been sold to appellant on June 9, 2017, and recorded on August 4, 2017, in the amount of $2,185.40.

The trial court issued an order to show cause, directing defendants to respond to the complaint by March 1, 2019. The court issued an amended order to show cause requiring defendants to respond by March 26, 2019. The order was served upon appellant. He did not file a response within the time required by the court.

The trial court entered a final judgment dated May 9, 2019, which stated that the Borough had duly exercised its power of eminent domain. In the order, the court noted that in the verified complaint, the Borough had made certain reservations regarding contamination, hazardous material, and solid waste existing on the property as of the date of taking. The court appointed

3

commissioners to fix the compensation to be paid for the subject property "including the damage, if any, resulting from the taking, to any remaining property, as of the date" the action was commenced.

On June 13, 2019, appellant filed a motion in the trial court, which he called a motion to "Deny."  In the motion, appellant asserted, "[c]ase violates Constitution."  Appellant did not seek oral argument on his motion.  The Borough opposed the application.

On August 2, 2019, the motion judge placed an oral decision on the record. The judge noted that although appellant was self-represented, he had to comply with the rules of procedure promulgated by the Supreme Court.  The judge also stated that appellant is presumed to know and required to follow the applicable New Jersey statutes.

The judge found appellant did not file his motion within the time required for reconsideration of the final judgment entered on May 9, 2019.  The judge concluded, however, that appellant had filed the motion within time to intervene in the action to protect his interest as lienholder.

The judge noted that, in his brief, appellant had argued that the "nullification" of his tax lien was an "obvious" violation of his rights under the United States Constitution.  The judge observed that it appeared that on June 19,

4

2019, appellant purchased a tax lien certificate on the property. The judge noted, however, that under the applicable statutes, the property owner had the right to redeem the property within a specified period. Because appellant had not foreclosed on his tax lien, he did not have an ownership interest in the property.

The judge found there was nothing before the court indicating that appellant had any constitutional rights as an owner of the property, or that any of his constitutional rights as lien holder had been abrogated in any way. The judge stated that once the amount of just compensation had been "fully adjudicated through the process," appellant could potentially recoup monies for his tax lien.

The judge noted that under New Jersey law, appellant is a recognized lien holder, and lienholders have priority over the property owner. The judge stated, however, that she was expressing no view as to the priority of appellant's lien. The judge held only that as the owner of a tax certificate, appellant had "a liened right against the property." The judge stated that appellant had a right to intervene in the proceeding before the commissioners "to ensure that his lien is recognized."

The judge memorialized her decision in an order dated August 2, 2019. This appeal followed. On appeal, appellant argues that the Law Division judge

erred by denying his motion. He contends he has been unconstitutionally deprived of his tax lien on the property. In support of his argument, appellant cites the Fourth Amendment to the United States Constitution, which he claims "states that people are secure against unreasonable seizures of their assets[.]"

We have thoroughly reviewed the record and conclude appellant's arguments lack sufficient without merit to warrant extended comment. R. 2:11-3(e)(1)(E). We affirm the August 2, 2019 order substantially for the reasons set forth by the motion judge in her decision. We add the following comments.

Here, the motion judge correctly found that appellant has a tax lien on the subject property, but he is not an owner of the property. The judge correctly determined that appellant's rights as a holder of a tax lien certificate have not been abrogated in any manner by the filing of this action and the taking of the property.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION   F

6

A-0253-19T4